IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


```
                                     :
RICHARD CLAUDIO,                     :
          Plaintiff                  :
                                     :
     v.                              :    CIVIL NO.3:CV-13-2703
                                     :
                                     :    (Judge Conaboy)
UNITED STATES OF AMERICA,            :
          Defendant                  :
```
_____

**MEMORANDUM**
**Background**

This pro se Federal Tort Claims Act (FTCA) complaint was
filed by Richard Claudio, an inmate presently confined at the
McCreary United States Penitentiary, Pine Knot, Kentucky.  Named as
Defendant is the United States of America.  The Complaint regards
actions which allegedly transpired while Plaintiff was confined at
the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-
Canaan).  Service of the Complaint was previously ordered.

According to the Complaint, on April 25, 2011, USP-Canaan
Unit Manager Farley became upset with Plaintiff because the
prisoner had made a grievance against the official to the Warden.
See Doc. 1, p. 4.  As a result, Farley along with Correctional
Officers Gedrige and D'Abretto had the Plaintiff summoned to
Farley's office.  Upon the Plaintiff's arrival he was allegedly
subjected to verbal threats from Farley.

When Plaintiff refused a directive to submit to restraints,
the three officials then purportedly subjected the inmate to

1

physical abuse.  During this incident, Claudio states that he was slammed to the floor, repeatedly punched in the face and torso, and had his ankle twisted.  As a result of the assault, Plaintiff claims that he suffered a broken rib, facial lacerations, headaches, an ankle sprain and other trauma which required a one day hospitalization.

The Defendant responded to the Complaint by filing a motion seeking entry of summary judgment.  <u>See</u> Doc. 17.  The opposed motion is ripe for consideration.

## <u>Discussion</u>

Defendant asserts that entry of summary judgment is appropriate because (1) Plaintiff's action is barred by the favorable termination rule and (2) the record does not support Claudio's intentional tort claims.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>See also</u> <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if it might affect the outcome of the suit under the applicable law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the

2

non-moving party.  Id. at 248.  The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party.  Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.  Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'"  Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458,

3

460-61 (3d Cir. 1989)).

**<u>Favorable Termination</u>**

According to the Defendant, on April 25, 2011 Claudio verbally threatened USP-Canaan Case Manager DeRoberto when the employee was unable to make photocopies for Claudio.  Unit Manager Farley purportedly overheard the verbal dispute from his nearby office. Farley left his office and ordered Claudio to submit to restraints.  The Plaintiff refused and when Farley ordered the inmate to turn around, Claudio allegedly punched Farley in the face.  Correctional staff responded by conducting an immediate use of force in order to place Plaintiff into ambulatory restraints.

During that endeavor, Claudio purportedly injured Correctional Officer Gedrich's right hand and attempted to punch and kick other correctional staff members.  As a result of his actions, Plaintiff was charged with knowingly assaulting, resisting, opposing, and impeding federal law enforcement officers in violation of 18 U.S.C. § 111(a) &(b).

Plaintiff entered a guilty plea to that charge on July 2, 2012 before the Honorable James M. Munley of this Court.  <u>See United States v. Claudio</u>, 3:11-CR-337, (M.D. Pa.).  He was sentenced to serve a consecutive one year plus one day term of imprisonment.  Upon conclusion of the federal criminal prosecution, Claudio was issued three institutional disciplinary charges stemming from the same incident.  Following institutional

4

disciplinary proceedings, Plaintiff was found guilty of the three charges and was issued sanctions which included forfeiture of good conduct time.

Defendant contends that Claudio's present allegations represent a collateral attack of his criminal conviction as well as the ensuing misconduct hearings which resulted in the loss of good conduct time. Accordingly, the Defendant argues that until the criminal conviction and the results of the disciplinary proceedings have been invalidated or overturned via a grant of federal habeas corpus relief, his claim for monetary damages with respect to his allegations relating to the incident is barred under Heck v. Humphrey, 512 U.S. 477 (1994). See Doc. 20, p. 7. Plaintiff's opposing brief (Doc. 35) does not address the favorable termination argument.

Inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475 (1975). The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646.

It is undisputed that Plaintiff was criminally convicted and issued misconduct charges as a result of the events of incident which occurred on April 25, 2011. Plaintiff entered a guilty plea

to the federal criminal charge and received an additional term of imprisonment.  Following institutional disciplinary hearings, he was found guilty of three misconduct charges and received sanctions which included losses of good conduct time.

In Heck, the Supreme Court ruled that a cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.

It has been recognized that the principles of Heck apply to FTCA claims.  See Butcher v. United States, No. 06-CV-2243, 2007 WL 2207902, *3  (M.D. Pa. July 30, 2007)(Conner, J.)("claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would impugn the validity of a conviction").  Heck has also been deemed applicable to a claim that a sentence was improperly increased by correctional officials.  See Sharp v. Lavan, No. 02-4535, (3d Cir. June 19, 2003)(Table).  Moreover, "plaintiff's claims are not cognizable under the FTCA insofar as a ruling in plaintiff's favor would imply the invalidity of plaintiff's disciplinary conviction."  Hinton v. United States, 91 Fed. Appx. 491, 2004 WL 540473 *1 (6th Cir. 2003).

Plaintiff's claims relating to an incident which occurred on April 25, 2011 and led to the filing of both a federal criminal charge and institutional disciplinary charges which resulted in an additional criminal sentence as well as losses of good time credits clearly attack the length of his federal sentence.  This Court recognizes that there are circumstances where consideration of intentional tort claims would not implicate <u>Heck</u>.  However, accepting the Plaintiff's version of the facts with respect to the April 25, 2011 events would require findings by this Court that Claudio was the victim of an intentional tort on that date and should not be held responsible for the actions underlying the criminal and misconduct charges and ergo that there was no legitimate purpose behind the decision to employ ambulatory restraints.

Consequently, disposition of Claudio's pending intentional tort allegations could call into question the lawfulness of the federal guilty plea and  misconduct charges and therefore are clearly precluded under <u>Heck</u>.  Under <u>Heck</u> since Plaintiff's pending claims if proven, would undermine the validity of the resulting guilty plea and disciplinary proceedings, those claims must be initially raised via properly filed habeas corpus petitions.

Consequently, Claudio's pending FTCA claims relating to the incident of April 25, 2011 are clearly premature because he cannot maintain a cause of action for damages until the resulting criminal

7

guilty plea and subsequent related misconduct charges have been rendered invalid via federal habeas corpus proceedings.

In conclusion, in accordance with the mandates of <u>Heck</u>, the request for summary judgment will be granted.  An appropriate Order will enter.


<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge


DATED: DECEMBER 3, 2014